251 P.2d 567

**RAMSEY et al. v. CASE et al.**

No. 5518.

Supreme Court of New Mexico.

Dec. 9, 1952.

Rehearing Denied Jan. 10, 1953.

Paul B. Palmer, Farmington, for appellants.

G. W. R. Hoy, Farmington, for appellees.

McGHEE, Justice.

The appellants, plaintiffs below, rented an irrigated farm from the appellees, defendants below, under a contract whereby the latter were to furnish the water needed by means of a pump and were also to keep the ditches in repair. In addition, the appellees agreed to furnish a machine for spraying the fruit trees on the place. We will hereafter refer to the parties as they appeared in the trial court.

The plaintiffs made a poor crop and brought suit against the defendants for damages, alleging principally such poor crops were due to the failure of the defendants to furnish sufficient water and to keep the ditches in repair. It was also claimed the sprayer was defective, and that as a result the fruit was damaged by worms and its value lowered. The defendants contended they complied with all of the terms of the leases, and that any loss or damage suffered by the plaintiffs was because they were not skilled and diligent in farming and cropping irrigated lands. The issues were practically so confined as the result of a pre-trial conference.

The case was tried to the court without a jury, and it found the poor crop was due partially to the failure of the defendants to at all times adequately maintain a pump and engine for the irrigation of the land, and to repair and maintain the main irrigation lateral on the premises, and also in part by reason of the failure of the plaintiffs to adopt proper farming practices for the irrigation of the property involved. It found against the plaintiffs on the issue of the sprayer. It also found and concluded the plaintiffs failed to mitigate their damages, in that in the early part of the growing season after it became apparent that adequate water might not be available, they planted additional acreage to crops.

Damages were awarded the plaintiffs in the sum of $1,039.50 after deducting an undisclosed amount in mitigation of damages, and they appealed.

Failure of the plaintiffs to mitigate their damages was not pleaded, and the question arose only one time in the trial of the case, when the defendants attempted to introduce testimony establishing such fact. The plaintiffs objected on the ground such defense was outside the issues and their objection was sustained. A large portion of the plaintiffs' brief is devoted to the action of the court in considering such issue, and the defendants in their answer brief readily admit in one short paragraph that issue had no place in the case. The pretrial order limiting the issues made no mention of the question of mitigation of damages, and in view of the state of the record and the admission of the defendants as to such issue, we will reverse the judgment and remand the case to the lower court with direction to enter a new judgment without regard to

any credit in favor of the defendants because of the failure of the plaintiffs to mitigate their damages.

The plaintiffs complain strongly of the failure of the trial court to award them a larger sum as damages. It may be without an allowance in mitigation they will not be dissatisfied with the new award to be made. On the record made the trial judge had a difficult task in determining the amount due the plaintiffs because of the defaults of the defendants, but we leave the task to him.

The judgment will be reversed and the cause remanded for the entering of a new judgment in accordance with the views announced above. The plaintiffs will recover the costs of this appeal.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.